CLOSED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RAMA GVILDYS, | Hon. Stanley R. Chesler, U.S.D.J. |
|  | Civil Action No. 12-5468 (SRC) |
| Plaintiff-Appellant, | **OPINION** |
| v. |  |
| STEPHEN A. BEUKAS and SANDRA BEUKAS, |  |
| Defendants-Appellees. |  |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the appeal filed by Plaintiff-Appellant Rama Gvildys ("Appellant" or "Dr. Gvildys"). Dr. Gvildys appeals from the July 24, 2012, order entered by the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") in the bankruptcy adversary proceeding Gvildys v. Beukas et al., Adv. No. 10-2067, 2012 Bankr. LEXIS 3400 (Bankr. D.N.J. July 24, 2012). Appellee Sandra Beukas ("Appellee" or "Mrs. Beukas") has opposed the appeal. For the reasons stated below, this Court will affirm the Bankruptcy Court's order.

This Court has jurisdiction to hear appeals of the final judgments and orders of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1). This Court reviews the Bankruptcy Court's "legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." In re American Pad & Paper Co., 478 F.3d 546, 551 (3d Cir. 2007); see also Fed. R. Bankr. P. 8013.

   **I.   BACKGROUND**

This dispute concerns whether certain debts owed by Appellee are dischargeable in bankruptcy. The debts in question arose out of business dealings between Dr. Gvildys and Appellee's husband, Stephen Beukas ("Mr. Beukas"). Dr. Gvildys and Mr. Beukas were partners in a mobile dental practice called New Jersey Mobile Dental Practice, P.A. ("NJMDP").

The Complaint alleges that the Beukases are also the sole shareholders of Mobile Dental Practice, P.C. ("Mobile"), which was formed by Mr. Beukas with the intention of providing mobile dental services different from those of NJMDP. The Complaint alleges that from 2005 to 2009, the Beukases deposited money belonging to NJMDP into a bank account for Mobile. All of the funds deposited into the Mobile account were subsequently disbursed, some in the form of direct payments to Mr. Beukas, while other funds were allegedly used to pay for the Beukases' personal expenses. The Complaint further alleges that none of the Monthly Operating Reports filed in the Beukases' bankruptcy proceedings included payments received from the Mobile account.

Dr. Gvildys filed an adversarial action to have the debts owed to her by the Beukases declared non-dischargeable under various subsections of 11 U.S.C. § 727(a), which, in relevant parts, provides for non-dischargeability where the debtor has engaged in certain wrongful conduct. Dr. Gvildys moved for summary judgment before the Bankruptcy Court on all counts against both Beukases. Mrs. Beukas cross-moved to dismiss the claims against her. The Bankruptcy Court granted Dr. Gvildys summary judgment against Mr. Beukas. As to Mrs. Beukas, however, the Bankruptcy Court denied Dr. Gvildys's motion for summary judgment and instead granted Mrs. Beukas's cross-motion to dismiss. Dr. Gvildys now appeals the portion of the Bankruptcy Court's order granting Mrs. Beukas's cross-motion to dismiss.

**II.     DISCUSSION**

Dr. Gvildys's main point on appeal is that the Bankruptcy Court's grant of Mrs. Beukas's motion to dismiss is error because it is entirely inconsistent with the Bankruptcy Court's grant of summary judgment on Dr. Gvildys's claims against Mr. Beukas. Dr. Gvildys also argues that the Bankruptcy Court erred by applying a summary judgment standard to Mrs. Beukas's motion to dismiss. In opposition, Mrs. Beukas muddles the record by recasting the Court's grant of her cross-motion to dismiss as a grant of summary judgment. Without the aid of Mrs. Beukas's notably unhelpful opposition brief, the Court is persuaded that the Bankruptcy Court correctly dismissed Dr. Gvildys's claims against Mrs. Beukas.

As a threshold matter, it will be helpful for the Court to clarify the fact that, despite Appellee's argument on appeal, the Bankruptcy Court granted her *motion to dismiss*. In response to Dr. Gvildys's motion for summary judgment, Beukases filed a notice of motion titled "Notice of Cross-Motion to *Dismiss* Plaintiff's Adversary Proceeding and Opposition to Plaintiff's Motion for Summary Judgment." (emphasis added) The Beukases' supporting brief was similarly titled "Debtors' Brief in Opposition to the Plaintiff's Motion for Summary Judgment and in Support of *Dismissing* Her Complaint with Prejudice on the Basis of Estoppel and Unclean Hands." (emphasis added)  Judge Steckroth's opinion for the Bankruptcy Court also makes clear that the Court granted dismissal, not summary judgment. See Gvildys, supra, 2012 Bankr. LEXIS 3400 at *46 ("Thus, the *cross-motion to dismiss* is granted, with prejudice, as to Mrs. Beukas.") (emphasis added).

Dr. Gvildys recognizes the fact that the Bankruptcy Court granted Appellee dismissal, not summary judgment. But Dr. Gvildys argues that the Bankruptcy Court erred by incorrectly

3

applying the Federal Rule of Civil Procedure 56 summary judgment standard in dismissing her claims against Appellee. The Bankruptcy Court's opinion excerpts two statements made by Dr. Gvildys's counsel at oral argument:

> In fact, counsel admitted at argument that "with respect to Mrs. Beukas, I don't think that I can show that she knows that" money was improperly transferred from NJMDP to another account. Further, counsel conceded that he could not demonstrate that she had any control over the funds. ("The Court: You don't allege or can prove that she had control over the funds of . . . Mr. Klausner: Certainly not. Not given the evidence that's available now.")

Id. (internal citations omitted)  Dr. Gvildys now argues that the Bankruptcy Court failed to apply the proper standard of review because "[i]nstead of considering the allegations in the Complaint, the Bankruptcy Court specifically and erroneously based its decision on its opinion of whether Dr. Gvildys would ultimately prevail."  (Appellant's Br. at 12)

This Court disagrees.  Although the section of the opinion dealing with Mrs. Beukas's motion to dismiss is admittedly terse, it is clear that the Bankruptcy Court correctly focused on what was *alleged* in the Complaint.  See  Gvildys, supra, 2012 Bankr. LEXIS 3400 at *45-46 ("All *allegations set forth in the complaint* concern the alleged wrongful conduct of Dr. Beukas.") (emphasis added); id. at *46 (". . . . Gvildys makes no *allegations* directly against Mrs. Beukas.") (emphasis added); id. ("Gvildys simply fails to adequately *plead* a claim against Mrs. Beukas . . . .") (emphasis added).  The Bankruptcy Court's limited factual discussion is important only inasmuch as it supports the Court's decision to dismiss the Complaint with prejudice rather than without.

Reviewing the Complaint *de novo*, this Court agrees with the Bankruptcy Court that Dr. Gvildys failed to plead sufficient factual allegations to survive Mrs. Beukas's motion to dismiss.

The Supreme Court articulated the standard governing Rule 12(b)(6) motions in <u>Bell Atlantic Corp. v. Twombly</u> and <u>Ashcroft v. Iqbal</u>.  A complaint will survive a Rule 12(b)(6) motion only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (quoting <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 570 (2007)).  The pleading standard imposed by Federal Rule of Civil Procedure 8(a) will be met if the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556.)  While the complaint need not demonstrate that a defendant is probably liable for the wrongdoing, allegations that give rise to the mere possibility of unlawful conduct will not do.  <u>Iqbal</u>, 556 U.S. at 679; <u>Twombly</u>, 550 U.S. at 557.  The Third Circuit, following <u>Twombly</u> and <u>Iqbal</u>, has held that Rule 8(a) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008).  Additionally, a party must state allegations of fraud with particularity.  Fed. R. Civ. P. 9(b).  The Federal Rules of Civil Procedure thus establish a heightened standard for pleading fraud, requiring "plaintiffs to plead 'the who, what, when, where, and how: the first paragraph of any newspaper story.'"  <u>In re Advanta Corp. Sec. Litig.</u>, 180 F.3d 525, 534 (3d Cir. 1999) (quoting <u>DiLeo v. E&Y</u>, 901 F.2d 624, 627 (7th Cir. 1990)).

Not only do the claims against Mrs. Beukas fail to satisfy the Rule 9 requirement that fraud be pled with particularity, they do not satisfy the pleading requirements established in <u>Twombly</u> and <u>Iqbal</u>.  Although the Complaint does lay out specific factual allegations against Mr. Beukas to "state a claim for relief that is plausible on its face," <u>Twombly</u>, 550 U.S. at 570,

5

the Complaint makes no such specific allegations against Mrs. Beukas that are sufficient to state a plausible claim that any of the 11 U.S.C. § 727(a) exceptions to the dischargeability of debt apply.  Aside from conclusory group pleading, the Complaint does not contain a single specific allegation of wrongful conduct by Mrs. Beukas.  Additionally, since Appellant's counsel has conceded that Plaintiff is aware of no facts that would support allegations of wrongful conduct by Mrs. Beukas, the counts against Mrs. Beuaks cannot be saved by repleading.

### III.   CONCLUSION

For the foregoing reasons, the Court will affirm the Bankruptcy court's decision to dismiss the claims against Mrs. Beukas with prejudice.  An appropriate order accompanies this opinion.


   s/ Stanley R. Chesler   

STANLEY R. CHESLER

United States District Judge


DATED: November 9, 2012